# Miles *et al. v.* The State.

## *Indictment for Conspiracy.*

1. *Conspiracy; agreement to commit adultery, does not constitute.*—A mere agreement of a man and woman to commit adultery, or fornication, is not a conspiracy to commit a misdemeanor.

2. *A criminal intent must be accompanied by an act,* in furtherance of it, before it can become the subject of an indictment.

APPEAL from Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

The defendants were convicted at the fall term, 1877, of said court, under the following indictment:

"The grand jury of said county charge that, before the finding of this indictment, Bull Miles and Amanda Overton, not sustaining the relation of man and wife, wickedly agreed and conspired together to leave, and did leave the county of Randolph, for the purpose of illicit sexual intercourse between the said Bull Miles and Amanda Overton," against, &c.

A demurrer was interposed to said indictment, by defendant's counsel, but was overruled.

Several charges were asked by defendants, and refused. They now assign as error, among other things, the following:

The indictment charges no offense, and the demurrer, for that reason, should have been sustained.

CICERO D. HUDSON, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

BRICKELL, C. J.—The indictment is framed on the supposition that the consent of a man, and a woman, to commit adultery, or fornication, is a conspiracy to commit a misdemeanor, and therefore indictable. We know of no authority for such a proposition; nor, so far as we can discover, was it ever before asserted, except in *Shannon v. Commonwealth,* 14 Penn. St. 226, and then it received unqualified disappro-

[Gore et al. v. The State.]

bation. So long as the parties have proceeded no further than to consent and agree, the offense rests in mere intention, and a criminal intent must be accompanied by an act in furtherance of it, before it is the subject of indictment.

The judgment must be reversed, and a judgment here rendered discharging the appellants from further prosecution.