[Criminal No. 256.    Filed March 27, 1908.]

[94 Pac. 1102.]

LEE FORD, Defendant and Appellant, v. THE UNITED STATES OF AMERICA, Respondent.

1. CONSPIRACY—INDICTMENT—SUFFICIENCY.—An indictment charging defendant with having entered into a conspiracy to commit an offense against the United States, alleging that defendant and F., in conjunction with A. M. and B. M., unlawfully conspired that F. should enter a house of prostitution and commit the crime of adultery by having intercourse with various persons to the jury unknown, none of said persons being the husband of F., who was a married woman, is fatally defective, for the reason that it does not charge that defendant knew that the woman F. was a married woman.

APPEAL from a judgment of the District Court of the Third Judicial District.    Edward Kent, Judge.    Reversed, and appellant ordered discharged.

The facts are stated in the opinion.

A. C. Baker, for Appellant.

J. L. B. Alexander, United States Attorney, for Respondent.

NAVE, J.—Lee Ford was convicted and sentenced under an indictment which charged him, jointly with one Dolly Ford, with "the crime of conspiracy to commit an offense against the United States, committed as follows: That heretofore, to wit, on or about the first day of July, A. D. one thousand nine hundred and seven, at the county of Maricopa, in said territory of Arizona, the said Lee Ford and the said Dolly Ford, in conjunction with one A. Magnani and one Babi Magnani, did unlawfully, willfully, corruptly and feloniously conspire, combine, confederate, and agree together that the said Dolly Ford should enter a house of prostitution in the city of Phoenix, in the county and territory aforesaid, and commit the offense of adultery therein by the said Dolly Ford having carnal intercourse with divers persons frequenting such house of prostitution, the names of said persons being to said grand jury unknown, and none of said divers persons being the husband of said Dolly Ford, she, the said Dolly Ford, being then and there a married woman, having a husband in full life." These allegations were followed by the charge of an overt act consisting of the consummation of the agreement by Dolly Ford. Lee Ford pleaded not guilty to this indictment without demurring thereto, and had a separate trial. After his conviction, and before judgment, he moved the court for an arrest of judgment upon the ground that the indictment does not state facts sufficient to constitute a public offense. The motion was denied. Judgment was pronounced, and Ford has appealed from that judgment.

Appellant here presents but one contention, which (quoting from his brief) is that "the appellant's codefendant could not be legally convicted of the offense attempted to be charged in the indictment, and therefore the appellant cannot be convicted of that offense. . . . There is no such crime as a conspiracy to commit adultery so far as the woman Dolly is concerned, for that the consent involved—the consent essential to conspiracy—is necessarily a part of the overt act or crime of adultery. . . . Where concert is a part of the criminal act, it is not a subject of indictment as a conspiracy to commit the act, and there is no such offense as a conspiracy between a man and woman to commit adultery. . . . Her consent or agreement, essential to the conspiracy is bound to be a part of her act of adultery." In support of this

contention are cited *Shannon* v. *Commonwealth*, 14 Pa. 226; *Miles* v. *State*, 58 Ala. 390. If the consent of a woman with A that she and A shall have carnal intercourse is but a part of the act of adultery, and hence incapable of severance into the concert of conspiracy, it by no means follows that the consent of a woman with A that she shall have carnal intercourse with B is a constituent part of her act of adultery with B. Appellant's point is not well taken. The agreement of several persons to commit the crime of adultery is a conspiracy to commit an offense against the United States, even though the act of carnal intercourse is to be accomplished (with others than her co-conspirators) by a married woman who is a party to the conspiracy. It is not necessary to express an opinion whether the agreement of such a woman with a co-conspirator or co-conspirators to have intercourse with him or them would constitute such a conspiracy. Wharton's Criminal Law, sec. 1339; 2 Bishop's New Criminal Law, sec. 184.

This indictment, nevertheless, does not charge the appellant Lee Ford with the commission of a public offense. Manifestly, its defect was not called to the attention of the trial court, for no suggestion of it appears in the record, briefs, or arguments in this case. Section 5440, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 3676), defines it to be a crime "if two or more persons conspire to commit an offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy." It is in no wise charged in this indictment that the defendant Lee Ford conspired to commit an offense against the United States. Apparently it was intended to charge him with conspiring with Dolly Ford and others to commit the crime of adultery. That one may be guilty of conspiracy to commit a crime, the circumstances must be such that, if the crime should be consummated, the conspirators would be accessories to the consummated crime. Merely by reason of the knowledge by one that others are proposing to commit a crime, or by reason of his assent to their purpose, it does not follow that he is guilty of conspiracy to commit that crime. 8 Cyc. 621. Conspiracy involves the agreement of persons by concerted action to do or accomplish something unlawful. 2 Bishop's New Criminal Law, sec. 171. The agreement must contemplate co-operation, even though to but a small degree. In this indictment it is charged that Lee Ford and the others named conspired with Dolly Ford that she should commit

adultery by having carnal intercourse with divers persons in a house of prostitution. The conspiracy charged is that one of the conspirators should commit a crime; not that all should commit the crime, or should co-operate to the end that the crime be consummated. Such is not the conspiracy denounced by the statute. Hence the indictment does not charge appellant with a public offense.

Furthermore, the indictment fails to charge the crime of conspiracy to commit adultery, in that it does not charge that the codefendants of the woman Dolly Ford knew her to be married. To be guilty of a criminal conspiracy the conspirators must know the facts, the existence of which is essential to the consummated crime. *Pettibone* v. *United States*, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419; *Salla* v. *United States* (Ninth Circuit), 104 Fed. 544, 44 C. C. A. 26.

The judgment will be reversed, and the appellant ordered discharged.

SLOAN, J., concurs.

CAMPBELL, J.—In concurring in the result reached in the foregoing opinion I do not think it necessary to give assent to all that is therein said. The indictment is fatally defective, for the reason that it does not charge that the accused knew that the woman Dolly Ford was a married woman.

DOAN, J., dissents.