UNITED STATES v. SHEVLIN et al.

(District Court, D. Massachusetts. June 12, 1913.)

No. 655.

1. CONSPIRACY (§ 43*)—INDICTMENT—OVERT ACT.

An indictment for conspiracy need not allege that the overt acts charged were effective, nor in what manner they would tend to effect the object of the conspiracy; it being sufficient if the act is so described as to apprise the defendant of the act intended to be given in evidence.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

2. CONSPIRACY (§ 43*)—INDICTMENT—MANNER OR MEANS OF ACCOMPLISHMENT.

Where an indictment for conspiring to defraud the United States of customs duties and to commit the crime of smuggling merchandise into the United States clearly described the general purpose and scope of the conspiracy, it was not necessary to allege the exact manner or means by which the merchandise was to be passed through the customs lines.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

3. CONSPIRACY (§ 43*)—CRIMINAL PROSECUTIONS—INDICTMENT.

An indictment for conspiracy to smuggle merchandise and defraud the United States of customs duties need not allege that defendants intended that such merchandise should not be invoiced.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

4. CONSPIRACY (§ 37*)—CONSPIRACY TO COMMIT CRIME NECESSARILY INVOLVING UNLAWFUL CRIME.

Though Rev. St. § 2865 (U. S. Comp. St. 1901, p. 1905), relative to smuggling, provides for the punishment of persons aiding and abetting smuggling, and though if an offense necessarily involves an unlawful agreement between two or more persons the parties thereto cannot be charged with conspiracy for making such agreement, but must be prosecuted for the principal offense, the parties to a conspiracy to smuggle foreign merchandise and defraud the United States of customs duties may be indicted for conspiracy, as neither smuggling nor defrauding the United States necessarily involves an agreement between two or more persons, and either offense may be committed by a single individual.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 68–70; Dec. Dig. § 37.*]

5. CONSPIRACY (§ 43*)—INDICTMENT—MERGER IN OFFENSE COMMITTED.

In a prosecution for conspiracy to commit a felony, the merger of the conspiracy in the completed felony is an affirmative defense, and the indictment need not negative the commission of the completed felony.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

Terrence L. Shevlin and others were indicted for conspiracy. On demurrer to the indictment. Demurrer overruled, and motion to quash denied.

William H. Garland, Asst. U. S. Atty., of Boston, Mass.
John P. Feeney, of Boston, Mass., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MORTON, District Judge. Each of the three counts of this indictment charges a conspiracy between the same three defendants. In the first two counts the purpose of the conspiracy is alleged to have been to defraud the United States of customs duties, and in the third, to commit the crime of smuggling foreign merchandise subject to duty into the United States. The overt acts alleged to have been done in furtherance of the conspiracy are the same in each count.

The defendants have demurred to the indictment. The first eight grounds of demurrer present objections to the sufficiency of the indictment of general or minor character and were argued together. Without discussing each separately, I am of the opinion that no one of them is well founded and that the indictment is not uncertain or insufficient on these points.

[1] The ninth, twelfth, and thirteenth grounds of demurrer relate to the overt acts charged to have been done in pursuance of the conspiracy. It is not necessary to allege that such acts were effective, nor "in what manner the act described would tend to effect the object of the conspiracy. It is sufficient if the act be so described as to apprise the defendant what act is intended to be given in evidence as tending to show that the unlawful agreement was put in operation. * * * The object of requiring proof of some act in furtherance of the unlawful agreement is to show that the unlawful combination became a living, active combination." Bennedict, J., U. S. v. Donau, 11 Blatch. 168, Fed. Cas. No. 14,983. By this test the allegations in the indictment are sufficient.

[2] The tenth ground of demurrer questions the sufficiency of the description of the manner or means by which the defendants intended or caused the foreign merchandise to be passed through the United States customs lines; the eleventh, that it does not sufficiently allege any criminal intent on the part of the defendants. The general purpose and scope of the conspiracy are clearly described in the indictment. It is not necessary to allege the exact manner or means by which it was to be carried out. An inspection of the indictment shows that it sufficiently alleges criminal knowledge and intent by the defendants.

[3] The fourteenth ground of demurrer is that the indictment does not allege that the defendants intended that the foreign merchandise should not be invoiced. Such an allegation is, in my opinion, unnecessary for the reasons stated in my memorandum in case 656 against these defendants.

[4] The fifteenth relates especially to the third count, and is, in substance, that, as section 2865 of the Revised Statutes expressly provides for the punishment of persons who aid and abet smuggling, such persons cannot be indicted for conspiracy to smuggle. When an offense necessarily involves an unlawful agreement between two or more persons, the parties thereto cannot be charged with conspiracy for having made such an agreement, but must be prosecuted for the principal offense. U. S. v. N. Y. C. & H. R. R. (C. C.) 146 Fed. 298. But this principle does not apply to the case at bar, because neither smuggling nor defrauding the customs necessarily involves an agree-

ment between two or more persons. Either offense may be committed by a single individual. It is at least doubtful whether the provisions of said section relating to aiders and abettors add anything to the general law. See Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S. Comp. St. Supp. 1911, p. 1686]) § 332.

As to the sixteenth and seventeenth grounds of demurrer, each of the counts charges a criminal conspiracy. The scope and purpose of the alleged conspiracy are somewhat differently stated in the different counts, but the substantive crime is the same in all, and is a felony.

The eighteenth is:

"That by section 335 of the federal Penal Code of 1910 the offense denounced by section 2865 of the Revised Statutes of the United States is made a felony; that a conspiracy to commit a felony is merged in the felony when actually consummated; that the said indictment alleges the commission of a felony, and therefore the alleged conspiracy is not indictable."

As I construe the language of the indictment, it does not allege that the crime to which the conspiracy was directed was ever actually committed.

[5] Under the nineteenth ground of demurrer the defendants contend that an indictment for conspiracy to commit a felony must allege that the felony was not committed. Their argument is, in substance, that assuming all facts alleged in the indictment to be true, as it fails to allege that the felony contemplated by the conspiracy was not actually committed, it is insufficient, because there is still the possibility that the alleged conspiracy may have become merged in the completed crime. It seems to me, however, that such a merger is an affirmative defense, like a prior conviction or acquittal, which need not be expressly negatived by the indictment. See Berkowitz v. U. S., 93 Fed. 452; 35 C. C. A. 379; 12 Cyc. 282.

The motion to quash involves substantially the same questions as the demurrer, and for the reasons above indicated must be denied.

Demurrer overruled.

Motion to quash denied.