### UNITED STATES v. BURKE et al.

(District Court, S. D. New York. April 6, 1915.)

#### No. 7/391.

CONSPIRACY ⬸33—CRIMINAL OFFENSES—MERGER IN SUBSTANTIVE OFFENSE.
Three persons, one of whom was acting for the United States in an official capacity, who planned and agreed that he should purchase large quantities of tobacco for the United States from one of the other parties, for which he was to be paid large sums of money for his own benefit by the other parties, could be indicted for a conspiracy to defraud the United States, under Rev. St. § 5440 (Comp. St. 1913, § 10201), providing that, if two or more persons conspire to defraud the United States in any manner or for any purpose, each party to the conspiracy shall be fined; the case not being within the rule that, where at least two parties are necessary and concert of action is essential to an offense, an indictment will not lie charging a conspiracy to commit such an offense, as the United States can be defrauded without concert of action.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 60; Dec. Dig. ⬸33.]

John Burke and others were indicted for conspiracy to defraud the United States. On demurrer to the indictment by the defendant Jacob L. Salas. Demurrer overruled.

Frank E. Carstarphen, Asst. U. S. Atty., of New York City.
Phanor J. Eder and William Rand, Jr., both of New York City, for defendant Salas.

CUSHMAN, District Judge. The defendant Salas demurs to the indictment, which charges the three defendants with a conspiracy to defraud the United States—it being charged that John Burke was a person acting for and on behalf of the United States in an official capacity, as manager of the Commissary Department of the Subsistence Department of the Isthmian Canal Commission; that the other two defendants were engaged in buying and selling supplies, tobacco, and merchandise in Colon, Panama; that it was planned and agreed that Burke should purchase large quantities of tobacco from Salas, for which favor he was to receive, for his own benefit, from the other two defendants, large sums of money. A demurrer to a similar indictment has been overruled by this court. United States v. Burke et al. (D. C.) 218 Fed. 83.

Counsel for defendant urges that the present ground of demurrer was not considered by the court upon that ruling. United States v.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Dietrich et al. (C. C.) 126 Fed. 664, is relied upon as requiring the sustaining of the present demurrer. In that case it was held that an indictment would not lie for conspiracy, under section 5440, against the briber and the bribed, alone; but it is pointed out in the opinion:

"The charge is not that two or more persons agreed among themselves to corruptly obtain the aid of * * * a member of Congress."

It would therefore appear that, even if that authority is to be considered as applicable to a case where the indictment charges a conspiracy to defraud the United States, and not the substantive offense of bribery, it recognizes that an agreement by two persons to bribe an officer would be the subject of an indictment for conspiracy, even though a single individual, agreeing with the bribed official, would not be so subject to such indictment.

Section 5440 provides that:

"If two or more persons conspire * * * to defraud the United States *in any manner or for any purpose,* * * * each of the parties to such conspiracy shall be fined. * * *" Comp. St. 1913, § 10201.

The italics in the foregoing quotation are those of the court. They, alone, warrant a distinction between the present case and a case such as the Dietrich Case, which was one charging a conspiracy to commit a crime, and not one to defraud the United States, although it be granted that such crime would necessarily involve the defrauding of the United States.

It is well recognized that, in a crime such as bribery, where the participation of at least two persons is necessary and concert of action is essential to the offense, an indictment will not lie charging a conspiracy to commit such offense, where the indictment shows the completed offense; but the reason given for this rule does not warrant its extension to an offense such as that charged in the present case, a charge of conspiracy to defraud the United States, as the United States can be defrauded, speaking generally, without concert of action.

That the case of United States v. Dietrich is to be distinguished from the present case is shown by Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343, and by Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392. The latter case, while reversed upon other grounds, sustained the lower court in overruling a demurrer to an indictment charging a conspiracy to defraud the United States, by giving the officer, under whose inspection a contract of the government was to be performed, a secret interest in the profits accruing under it; the conspiracy being charged to be between such officer of the United States and the agents of the contracting company.

It has been argued in the present case that the court's discussion upon the merits of the demurrer was obiter. This is clearly not correct, for the disposition in the lower court upon the reversal would be altogether different, upon a holding that the indictment was insufficient, than it would upon one holding that evidence had been improperly excluded, or an incompetent juror allowed to sit.

The demurrer is overruled, upon the authority of Crawford v. United States.