## McKNIGHT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 12, 1918.)

### No. 5072.

1. INDICTMENT AND INFORMATION ⬅133(7)—MODE OF ATTACK—FEDERAL COURTS.

Practice of attacking an indictment, as not stating an offense, by objection to introduction of evidence, does not prevail in federal courts, and will not be permitted, except under extraordinary circumstances; but motion to quash, demurrer, or motion in arrest is proper practice.

2. CONSPIRACY ⬅37—CRIMINAL OFFENSE—MERGER IN SUBSTANTIVE OFFENSE.

Defendant, indicted with H. for conspiring with employés of a carrier to have the employés deliver intoxicants to defendant and H. under a fictitious name, in violation of Penal Code, § 238 (Comp. St. 1916, § 10408), may be convicted of conspiracy, notwithstanding delivery to H., defendant taking no part therein; the doctrine of agency not being available to show defendant's participation in the completed offense.

3. CONSPIRACY ⬅46—EVIDENCE—OVERT ACTS.

Overt acts, other than those charged in the indictment for conspiracy, tending to show defendant guilty, are admissible as against objection of irrelevancy.

Sanborn, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Charles McKnight was convicted, under Penal Code, § 37, of conspiracy to commit the offense denounced by section 238, and brings error. Affirmed.

B. B. Blakeney and J. H. Maxey, both of Tulsa, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. [1] McKnight was convicted and sentenced for conspiring to commit an offense against the United States. Sections 37 and 238, Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1096, 1136 [Comp. St. 1916, §§ 10201, 10408]). After a jury had been impaneled and counsel for the United States had made an opening statement, counsel for defendant objected to the introduction of any evidence in the case, for the reason that the indictment did not state any offense against the laws of the United States. The practice of attacking an indictment in this manner does not prevail in the courts of the United States, and will not be permitted, except under circumstances of an extraordinary nature. A motion to quash, a demurrer, or a motion in arrest should be resorted to. United States v. Gooding, 12 Wheat. 461, 6 L. Ed. 693; Estes v. United States, 227 Fed. 818, 142 C. C. A. 342.

[2] There is no assignment of error based upon the ruling of the trial court in regard to striking out all evidence with reference to shipments of liquor consigned to E. Boyd. There was a motion for a directed verdict made by counsel for defendant under which they seek to raise the question as to whether a conviction for conspiracy will be upheld, when the evidence shows that the object of an alleged conspiracy is an offense, an essential element of which is participation by at least two persons and concert of action, and the evidence also shows the completed offense. The offense denounced by section 238 of the Penal Code is described as follows:

"Any officer, agent, or employé of any railroad company, express company, or other common carrier, who shall knowingly deliver or cause to be delivered to any person other than the person to whom it has been consigned, unless upon the written order in each instance of the bona fide consignee, or to any fictitious person, or to any person under a fictitious name, any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind which has been shipped from one state, territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, into any other state, territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, or from any foreign country into any state, territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, shall be fined not more than five thousand dollars, or imprisoned not more than two years, or both."

It was charged in the indictment that Charles McKnight, Albert Herskowitz, and Will Moore entered into a conspiracy with B. L. Tully and Finis E. Roberts, employés of the Wells-Fargo & Company Express to cause such employés to knowingly deliver and cause to be delivered to persons under a fictitious name, intoxicating liquors shipped in interstate commerce, and that said conspiracy had for its object the delivery to the defendants at and within Pottawatomie county, Okl., such intoxicating liquors under the fictitious names of E. Blume, E. Boyd, and Dan Gould, and which liquors should be shipped from S. Hirsh Distilling Company of Kansas City, Mo., to the said McKnight, Herskowitz, and Moore. Section 332 of the Penal Code (Comp. St. 1916, § 10506) provides that:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

It is claimed by counsel for defendant that the offense described in section 238 requires that some person shall receive the intoxicating liquor in order to complete the offense committed by the officer, agent or employé of the common carrier, as the officer, agent or employé may not knowingly deliver or cause to be delivered to any person other than the person to whom it has been consigned, without that other person aiding and abetting the officer, agent or employé in the commission of the offense, and, as the law makes an aider or abettor guilty as a principal, the offense denounced by the statute requires the participation of two persons and concert of action between them, and if the evidence shows that the offense denounced by the statute has been completed, then an indictment for a conspiracy to commit the offense will not lie, nor will a conviction be upheld if the evidence shows such a state of facts. There is very respectable authority supporting the contention of counsel for defendant in error. U. S. v. N. Y. C. & H. R. Ry. Co. et al. (C. C.) 146 Fed. 298; U. S. v. Dietrich & Fisher (C. C.) 126 Fed. 664; Chadwick v. U. S., 141 Fed. 225, 72 C. C. A. 343; U. S. v. Burke (D. C.) 221 Fed. 1014; Miles v. State, 58 Ala. 390; Shannon v. Commonwealth, 14 Pa. 226; Wharton, Crim. Law, § 1339.

An examination of the record has convinced us, however, that the evidence does not show that McKnight received any of the intoxicating liquor; on the contrary, it shows that it was all received by Herskowitz. If McKnight took no part in the actual commission of the offense, he still could be indicted and convicted for a conspiracy to commit the offense, and he would not be within the rule contended for by his counsel, if he did not participate in the commission of the offense itself, and we do not think the doctrine of agency can be relied upon to show such participation.

[3] A delivery by Roberts or Tully, the express agents, to Herskowitz alone, would have constituted a completed offense, and he alone might have aided and abetted Roberts or Tully and been guilty as a principal, yet McKnight, who conspired with them that the liquor should be delivered by Roberts or Tully to Herskowitz, could be guilty of a conspiracy, though he did not take any part in the completed offense. In cases of bribery or dueling between two parties, a third person who did not participate therein, could be guilty of conspiring with them to have them commit the offense.

We do not think the contention of counsel for defendants that the court erred in admitting evidence in regard to overt acts other than those charged in the indictment, because they were irrelevant, is valid. They all tended to show the defendants guilty of the crime charged.

The contention that, because the evidence in the case shows a completed offense, the defendant could not be indicted for conspiracy to commit the offense, is not supported by the decisions of the Supreme

Court. Heike v. U. S., 227 U. S. 131, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

The judgment below must be affirmed; and it is so ordered.

SANBORN, Circuit Judge (dissenting). The principle which conditions the decision of this case is nowhere more clearly stated than in 2 Wharton's Criminal Law (9th Ed.) § 1339, in these words:

"When to the idea of an offense plurality of agents is logically necessary, conspiracy, which assumes the voluntary accession of a person to a crime of such a character that it is aggravated by a plurality of agents, cannot be maintained."

A plurality of agents, an employé of a common carrier who knowingly delivers or causes the delivery of the intoxicating liquor to a person under a fictitious name to a person who receives it under that name, are logically necessary to the commission of the substantive offense denounced by section 238 of the Penal Code, and that offense is not aggravated by the voluntary accession of more than two persons, and therefore under the principle an indictment for a conspiracy to commit this offense will not lie.

The rule of practice which conditions the decision of this case is that when the indictment for conspiracy to commit such a substantive offense as that above described, or the evidence at the trial discloses the fact that the substantive offense has been committed, a conviction for the conspiracy cannot be sustained. When an offense necessarily involves an unlawful agreement between two or more persons, and they have committed that offense, none of them who has participated in that commission can be lawfully convicted of a conspiracy for having made such an agreement. United States v. N. Y. C. & H. R. R. Co. (C. C.) 146 Fed. 298, 301, 303, 304; United States v. Shevlin (D. C.) 212 Fed. 343, 344; United States v. Kissel (C. C.) 173 Fed. 823, 828; United States v. Dietrich (C. C.) 126 Fed. 664, 666, 667; Shannon and Nugent v. Commonwealth, 14 Pa. 226, 227; Miles v. State, 58 Ala. 590. Heike v. United States, 227 U. S. 131, 139, 140, 144, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128, cited in the opinion of the majority, did not fall under this rule, because the substantive offense of defrauding the United States of its revenue by the use of false weights involved in that case could be committed by a single person.

The principle and the rule are not challenged by the majority, but they are of the opinion that neither the principle nor the rule applies to McKnight's case, because the evidence fails to show that he received the liquor, while it does show that it was all received by Herskowitz. But he who does an act by his agent does it himself, and the evidence conclusively proves that Herskowitz was the mere agent of McKnight to receive and receipt for the liquor for him under the fictitious name, and to take it from the express office to McKnight's place of business, and that the express agent knew this, agreed to deliver it to Herskowitz for McKnight, and received $1 a barrel from McKnight for doing so. The evidence proves that the liquor was ordered shipped by telegrams sent to S. Hirsch Distilling Company at Kansas City; that it came to Shawnee, Okl., addressed to fictitious names; that it

was charged by the Hirsch Company on its books to McKnight, and that he paid those charges; that when the first two casks of liquor came to Shawnee they were not addressed to McKnight, but to some other person; that McKnight personally persuaded Finis Roberts, the driver and delivery employé of the express company, to deliver these casks to him personally; that he did so, and McKnight received them; that McKnight then agreed with Roberts that he would cause subsequent shipments of liquor to be made via the express company addressed to fictitious names; that Roberts should deliver these shipments to Herskowitz for McKnight; that Herskowitz should sign the express book for them with the fictitious names, and that McKnight should pay Roberts $1 a barrel for delivering the liquor to him in this way; that pursuant to this agreement so much liquor was shipped and delivered to McKnight in this way; that at the rate of $1 per barrel he paid to Roberts and another employé of the express company, who divided with him, $200. In this state of the evidence, my mind is irresistibly forced to the conclusion that McKnight, the principal who ordered and caused the whisky to be shipped in the fictitious names, who bought and paid for it, who hired the employé of the express company to deliver it to his agent Herskowitz, who signed for it and received it for him, that McKnight, who conceived and caused the commission of the substantive offense, and received all the whisky, and without whom the offense would never have been committed, participated in the commission of the substantive offense, both because the evidence so clearly proves his personal participation, and his participation through his agent, Herskowitz, and because every conspirator is unavoidably a participant in every act done by any of his co-conspirators in the execution of the conspiracy. Nor is this view without respectable authority to sustain it. In the leading case of United States v. N. Y. C. & H. R. R. Co. (C. C.) 146 Fed. 298, 301, 303, 304, Guilford and Pomeroy, agents of the railroad company, and Edgar and Earle, shippers of sugar, were indicted, under section 5440 of the Revised Statutes (Comp. St. 1916, § 10201), for conspiring with Palmer and Riley, agents of the sugar companies, and of Edgar and Earle, to cause the railroad company to give unlawful rebates. Palmer and Riley, the agents of Edgar and Earle, were not indicted. The indictment not only charged that Guilford and Pomeroy, Edgar, and Earle conspired with Palmer and Riley to cause the railroad company to give rebates, but it also charged that such rebates were actually given by Guilford and Pomeroy acting on behalf of the railroad company, and received by Palmer and Riley acting on behalf of Edgar and Earle. A demurrer to the indictment was interposed. There was no charge in it that Edgar and Earle personally received or receipted for any of the rebates, and the government claimed that their cases did not fall under the principle and rule under consideration in this case; but the court nevertheless held that, although Edgar and Earle were not charged with personally receiving the rebates and Palmer and Riley were, nevertheless because as their agents Palmer and Riley received them, and thus Edgar and Earle, through their agents, participated in the commission of the substantive offense, the indictment of them for a con-

spiracy to commit that crime could not be sustained. By the same mark, since McKnight was proved to have been, not only a participant in, but the sole cause of, the commission of the substantive offense of the delivery of the intoxicating liquor under fictitious names by the agent of the common carrier to McKnight individually in two cases, and to his agent in the other cases, and since through his agent Mc-Knight received all of it, except the two deliveries he received personally, and since McKnight paid Roberts, for delivering all of his whisky to him in this way, his indictment and conviction for a conspiracy to commit that offense was erroneous.

"When the concurrent action of two persons is necessary to perpetrate a certain crime, and all that they do is to agree to do it and to do it, it seems difficult," says Judge Holt, in 146 Fed. 303, "to claim that their agreement to act is in law a conspiracy, and their act a distinct crime, and that the agreement to act can be punished more severely or differently from the act itself."

All that McKnight and the agent of the common carrier did was to agree that the agent for the common carrier should deliver the intoxicating liquor under fictitious names to McKnight through his agent, and that McKnight should receive it in that way, and to perform that agreement McKnight ought not to suffer any penalty more severe than that prescribed for the commission of the substantive offense as he will if his sentence for the conspiracy is affirmed.

"If a conspiracy to commit a crime has been carried out, and the crime committed," says Judge Holt, in United States v. Kissel (C. C.) 173 Fed. 823, 828, "the crime, in my opinion, cannot be made something else by being called a conspiracy. The men who have committed the crime are liable to whatever penalties the law imposes and to whatever protection the law affords."

It seems to me that the facts proved in McKnight's case bring it under the principle and rule that when an offense necessarily involves an unlawful agreement between two or more persons, and they have committed that offense, none of them who has participated in that commission can be lawfully convicted of a conspiracy for making that agreement, but that they are only liable for the commission of the substantive offense. It seems to me that the evidence conclusively proves that McKnight participated in the commission, indeed that he caused the commission of the substantive offense; and for these reasons I am of the opinion that the judgment against him should be reversed.