STATE OF IOWA, Appellant, v. JOE .T. LAW, Appellee

**CONSPIRACY:** Adultery. An agreement to commit an offense which can only be committed by the concerted action of two persons, i. e., adultery, does not constitute an indictable conspiracy.

*Appeal from Polk District Court.*—JOSEPH E. MEYER,
                              ` Judge.

OCTOBER 2, 1920.

A DEMURRER to an indictment charging the defendant with the crime of conspiracy to commit adultery with one Clara Watts was sustained, and the State appeals.— *Affirmed*.

*H. M. Havner*, Attorney General, *F. C. Davidson*, Assistant Attorney General, for appellant.

*C. C. Putnam*, for appellee.

STEVENS, J.—The ground of the demurrer is that the indictment which charged the defendant, a married man, with conspiring, confederating, and agreeing with one Clara Watts to meet together in a room of a hotel in Des Moines, Iowa, for the purpose of committing adultery, does not allege a criminal offense. The consummation of the act is also alleged. No third party is involved. The prosecution is based upon Section 5059 of the Code of 1897.

The precise question presented has not been passed upon

by this court, but has been before the courts of other juris-
dictions. So far as we are advised, they have uniformly
held that an agreement to commit an offense which can only
be committed by the concerted action of two persons does
not amount to a conspiracy. *Shannon v. Commonwealth,*
14 Pa. 226; *Miles v. State,* 58 Ala. 390; *State v. Huegin,* 110
Wis. 189 (85 N. W. 1046); *Thomas v. United States,* 156
Fed. 897; *United States v. Dietrich,* 126 Fed. 664; *United
States v. New York Cent. & H. R. R. Co.,* 146 Fed. 298;
*United States v. Burke,* 221 Fed. 1014. To the same effect,
see 2 Wharton on Criminal Law (11th Ed.), Section 1602.

The crimes most frequently referred to as coming within
the class designated are adultery, bigamy, incest, and duel-
ing. An implied recognition of this rule is contained in
*State v. Clemenson,* 123 Iowa 524. Agreements between a
victim and another person to produce an abortion, and for
the transportation of a female from one state to another
for the purpose of prostitution, are cited by the attorney
general as analogous in principle to the case at bar; but
the court, in *United States v. Holte,* 236 U. S. 140, in which
the accused was charged with having conspired with an-
other person for her transportation from Illinois to Wiscon-
sin for the purpose of prostitution, specifically recognized
the principle above stated. The act of producing an abor-
tion may be committed by a pregnant woman upon herself,
without the concurrence or concerted action of another per-
son, but the crime of adultery is possible only by the con-
certed action of two persons. In such case, the agreement
between the parties is a part of the offense itself. If, how-
ever, the agreement charged is between several persons, and
is to cause the offense to be committed by others, or between
a member of the combination and a person outside of it, it
may amount to a conspiracy. *State v. Clemenson,* supra.
The agreement charged in the indictment is limited to the
defendant and the woman with whom the unlawful act was
committed. There was no participation therein by a third
person. In harmony with the uniform course of judicial
decisions, we hold that the indictment does not charge

crime. The demurrer was, therefore, properly sustained.— *Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.