People of the State of Illinois, Plaintiff in Error, v. Russell Purcell and Carl Siegle, Defendants in Error.

Gen. No. 9,209.

216

Heard in this court at the October term, 1939. Opinion filed March 7, 1940.

MERRILL H. JOHNSTON, of Pittsfield, for plaintiff in error.

GRAHAM & GRAHAM, of Pittsfield, for defendant in error Carl Siegle.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

This case comes up from the circuit court of Pike county, upon writ of error on behalf of the plaintiff to review a final order of said court quashing an indictment returned by a grand jury of that county against the defendants in error, Russell Purcell and Carl Siegle. The first count charges in substance that the defendants conspired and agreed together to do certain illegal acts injurious to the public morals by playing for money at a game of cards; the second count with so conspiring to play with cards and use of poker chips of value; the third count with so conspiring to bet upon such game of chance, and the fourth count with so conspiring and betting upon a game of cards upon which money was hazarded, all contrary to the form of the statute and against the peace and dignity of the people of the State of Illinois.

Defendant Carl Siegle filed a motion to quash each of the counts on the ground that no crime under the laws of the State of Illinois was therein set forth, since a concert or plurality of agents are necessary elements of the substantive offense of gaming therein charged, for the commission of which the conspiracy is alleged to have been formed by and between the two defend-

ants, and for other reasons not argued upon appeal and which need not be considered herein. The motion to quash the indictment was granted by the trial court, the defendants were discharged and this writ of error is prosecuted under the provisions of par. 747, ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 37.732].

It is conceded that the principal grounds upon which the court based its decision as to each count was that the substantive offense of gaming requires the concerted action of two or more persons or a plurality of agents in its commission; that the substantive offense of gaming as therein charged could not be individually committed by each of the two defendants, but required their concerted action and that, therefore, under the well-recognized doctrine and rule of law set forth in certain texts cited as "Wharton's Rule" and followed in numerous decisions by American Federal and State Courts, a charge of conspiracy would not lie. In support of this contention, many cases are cited by the defendant in error and none holding directly to the contrary under similar circumstances have been called to the attention of the court by the plaintiff in error. No decision thereon by a court of review of this State has been cited by either party, and so far as we have been able to ascertain, no similar attempt has been heretofore made to prosecute an ordinary gaming charge under the conspiracy statute (par. 139, ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 37.102]).

Here, it appears from the allegations of the indictment that two men agreed to play cards with chips, for money; acts expressly prohibited by our statute and made punishable by a fine (par. 324, ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 37.248]). It is pointed out by the defendant that gaming at cards engaged in by two persons is a substantive offense which could not be committed by either defendant singly and could only be committed by the concerted action of both parties.

The general rule that where a concert of action is necessary to the commission of the substantive offense a charge of conspiracy does not lie, is well defined in the text of 11 Am. Jur. 556, par. 20; 5 R. C. L. 1072, par. 11; 15 C. J. S. 1073, par. 47b, 12 C. J. 554; par. 19, and in comments concerning cases cited in notes thereunder. The rule is also stated in Wharton, 2 Crim. Law, sec. 1339, and 12th Ed. (1932) sec. 1604, p. 1862. Cases involving the recognition and application of the above doctrine to such offenses as bigamy, bribery, adultery, fornication, dueling, incest, rebating and similar offenses in which an indictment will not lie for conspiracy against two persons only, which charges them with an agreement to commit offenses wherein concert of action and plurality of agents are indispensable to the commission of the substantive offense, are collated and analyzed in annotations to 11 A. L. R. 196 et seq.; 104 A. L. R. 1423, 1430, and 84 A. L. R. 370, 376.

To that effect are holdings in *State v. Law,* 189 Iowa 910, 179 N. W. 145, 11 A. L. R. 194; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700, 15 A. C. R. 332; *People v. Wettengel,* 98 Colo. 193, 58 P. (2d) 279, 104 A. L. R. 1423; *Commonwealth v. Bricker,* 74 Pa. Super. Ct. 234; *Shannon v. Commonwealth,* 14 Pa. 226; *United States v. Dietrich,* 126 Fed. 664; *Miles v. State,* 58 Ala. 390; *United States v. New York Cent. & H. R. Co.,* 146 Fed. 298, aff'd 212 U. S. 481, 500, 53 L. Ed. 613, 624, 29 Sup. Ct. 304, 309; *United States v. Burke,* 221 Fed. 1014, rev'd 234 Fed. 842; *Gebardi v. United States,* 287 U. S. 112, 77 L. Ed. 206, 53 Sup. Ct. 35, 84 A. L. R. 370; *United States v. Sager,* 49 F. (2d) 725; *Norris v. United States,* 34 F. (2d) 839; *People v. Keyes,* 103 Cal. App. 624, 284 Pac. 1096, 1105; and *United States v. Hagan,* 27 F. Supp. 814.

The rule does not apply, however, where the substantive offense can be committed by a single individual. *United States v. Shevlin,* 212 Fed. 343; *Chadwick v. United States,* 141 Fed. 225; *Laughter v. United*

*States,* 259 Fed. 94, cert. den. 249 U. S. 613, 63 L. Ed. 802, 39 Sup. Ct. 388; *Lisansky v. United States,* 31 F. (2d) 846, 67 A. L. R. 67 (writ of cert. den. 279 U. S. 873, 73 L. Ed. 1008, 49 S. Ct. 514).

Nor does the rule ordinarily apply when the substantive offense involves the co-operation of a greater number of persons than were necessary to its commission. *Thomas v. United States,* 156 Fed. 897, 17 L. R. A. (N. S.) 720; *McKnight v. United States,* 252 Fed. 687, cert. den. 249 U. S. 614, 63 L. Ed. 802, 39 Sup. Ct. 88; *Vannata v. United States,* 289 Fed. 424; *Ex parte O'Leary,* 53 F. (2d) 956. Certain restrictions in the application of the rule which do not apply to the instant case are also pointed out in *State ex rel. Durner v. Huegin, supra.*

The rule was applied in charges of conspiracy between a man and a woman to commit adultery or fornication in the cases of *Vannata v. United States; State v. Law; Shannon v. Commonwealth,* and *Miles v. State,* all cited *supra.*

In *State v. Law, supra,* a demurrer was filed and sustained to an indictment charging two defendants, a man and a woman, with conspiring and agreeing to meet together in a hotel room in Des Moines for the purpose of committing adultery. Upon appeal, the application of the above doctrine was discussed and the Supreme Court of Iowa there said: "The precise question presented has not been passed upon by this court, but has been before the courts of other jurisdictions. So far as we are advised, they have uniformly held that an agreement to commit an offense, which can only be committed by the concerted action of the two persons to the agreement, does not amount to conspiracy." (Then follow citations in support thereof.) The court concludes that "The agreement charged in the indictment is limited to the defendant and the woman with whom the unlawful act was committed. There was no participation therein by a third person. In harmony with the uniform course of ju-

dicial decisions, we hold that the indictment does not charge crime.''

A leading federal case making application of the above rule which is frequently cited is that of *United States v. Dietrich, supra,* wherein it was charged that a member of Congress had conspired and agreed with a Nebraska constituent that said member should receive and the constituent should pay him a sum of money for the "use of the influence incident to his official position" in the procurement of a federal appointment, in violation of sec. 1781, R. S. U. S. (18 U. S. C. A., sec. 199), in which opinion it is said: "A person cannot agree with himself, receive from himself or give to himself. The concurrent and several acts of two persons are necessary to the act of agreeing, receiving or giving. In this respect, agreeing to receive a bribe from another and agreeing to give one are unlike soliciting or offering a bribe, because the solicitation or offer may be the act of a single person and may occur without any concurrent act of another. The rule stated by Wharton (2 Cr. L., sec. 1339) is applicable here: 'When to the idea of an offense plurality of agents is logically necessary, conspiracy, which assumes the voluntary accession of a person to a crime of such a character that it is aggravated by a plurality of agents, cannot be maintained.' As crimes to which concert is necessary (i. e., which cannot take place without concert), we may mention dueling, bigamy, incest and adultery, to the last of which the limitation here expressed has been specifically applied by authoritative American courts.''

It is said in *United States v. Shevlin,* 212 Fed. 343, that, "when an offense necessarily involves an unlawful agreement between two or more persons, the parties thereto cannot be charged with conspiracy for having made such an agreement, but must be prosecuted for the principal offense.'' But this rule, it was held, did not apply in the case before the court, because

neither smuggling nor defrauding the customs, the offenses which the indictment charged a conspiracy to commit, necessarily involves an agreement between two or more persons, but may be committed by a single individual. 11 A. L. R. 200.

The case of *Gebardi v. United States, supra,* illustrates the extreme care with which the courts in recognizing the above doctrine, have applied or restricted its effect under varying facts and circumstances. In that case, the petitioners, a man and a woman, had been convicted of conspiracy to violate the "Mann Act" (36 Stat. at L. 825, ch. 395, 18 U. S. C. A., par. 397) wherein she had been transported across the State line between Illinois and Wisconsin to engage in isolated acts of immoral conduct with the codefendant. Upon certiorari to review the judgment of conviction, the court, speaking through Mr. Justice Stone, said: "Congress set out in the Mann Act to deal with cases which frequently, if not normally, involve consent and agreement on the part of the woman to the forbidden transportation. In every case in which she is not intimidated or forced into the transportation, the statute necessarily contemplates her acquiescence. Yet this acquiescence, though an incident of a type of transportation specifically dealt with by the statute, was not made a crime under the Mann Act itself. Of this class of cases we say that the substantive offense contemplated by the statute itself involves the same combination or community of purpose of two persons only which is prosecuted here as conspiracy. If this were the only case covered by the Act, it would be within those decisions which hold, consistently with the theory upon which conspiracies are punished, that where it is impossible under any circumstances to commit the substantive offense without co-operative action, the preliminary agreement between the same parties to commit the offense is not an indictable conspiracy either at common law," (here follow numerous cita-

tions, given *supra*) "or under the federal statute." (Citing *United States v. Dietrich,* and other cases, *supra.*) The court concludes that "On the evidence before us the woman petitioner has not violated the Mann Act, and, we hold, is not guilty of a conspiracy to do so. As there is no proof that the man conspired with anyone else to bring about the transportation, the convictions of both petitioners must be reversed."

The agreement charged in the indictment herein is limited to the two defendants charged with the substantive offense. There was no participation therein by a third person and neither of the parties could have committed the substantive offense alone and without the concerted action of the other. Consonant with the well-established trend and authority of judicial decisions, we hold that the indictment herein does not charge a crime and that the circuit court of Pike county did not err in quashing the same and in discharging the defendants from prosecution on the charge of conspiracy set forth in the indictment.

The final order and judgment of said court will therefore be affirmed.

*Affirmed.*