THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROSE LAWS *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—90—2677

Opinion filed December 24, 1991.—Rehearing denied January 23, 1992.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb, Theodore Burtzos, and Howard D. Weisman, Assistant State's Attorneys, of counsel), for the People.

Carl M. Walsh and Brian J. Walsh, both of Chicago, for appellees Rose Laws, Kenneth Laws, and Linda Laws.

Bernard Nathan, of Chicago, for appellee Judy Lyons.

Enrico J. Mirabelli, of Chicago, for appellee Heidi Drost.

J. Scott Arthur, of Olympia Fields, for appellee Mary Ellen Usher.

JUSTICE HARTMAN delivered the opinion of the court:

In June 1989, a Cook County grand jury returned single and multicount indictments against Rose Laws (Rose), Kenneth Laws (Kenneth), Linda Laws (Linda), and Judy Lyons (Judy) for pandering, as well as for the following conspiracies: pimping, pandering, soliciting for a prostitute, and keeping a place of prostitution. (Ill. Rev. Stat. 1989, ch. 38, pars. 8—2(a), 11—15(a)(2), 11—15(a)(3), 11—16(a)(2), 11—17(a), 11—19(a).) Also, Heidi Drost (Heidi) was charged with two counts of conspiracy to keep a place of prostitution, and Mary Ellen Usher (Mary) was charged with one count for that same offense. (Ill. Rev. Stat. 1989, ch. 38, pars. 8—2(a), 11—17(a).) The circuit court dismissed the conspiracy indictments, concluding that they were barred by Wharton's Rule. Pursuant to Supreme Court

Rule 604(a) (134 Ill. 2d R. 604(a)), the State appeals the dismissal of those indictments.

The evidence adduced at the grand jury proceedings established that Rose, Kenneth, and Linda were instrumental in the operation of a prostitution ring. Judy and Heidi worked for Rose at different times, and Mary was the co-lessee of an apartment out of which the ring operated.

The circuit court, in two separate orders, dismissed most of the indictments. On August 9, 1990, the court dismissed four of the one-count indictments (numbers 14472 through 14475) which charged conspiracy to keep a place of prostitution because they were barred by the statute of limitations. On August 31, 1990, the court concluded:

> "[T]he offenses of pimping, soliciting for a prostitute, pandering, and keeping a place of prostitution are offenses that require two or more actors for their commission and thus conspiracy to commit those offenses is barred by Wharton's Rule."

Accordingly, four of the counts in each of the eight five-count indictments (numbers 14544 through 14551) were dismissed, and all eight of the single-count indictments charging conspiracy to keep a place of prostitution (numbers 14472 through 14478 and 14481) were dismissed.[1] Eight counts of pandering, which had constituted count V in each of the eight five-count indictments, remained pending against Rose, Kenneth, Linda, and Judy.

■ Wharton's Rule (sometimes the Rule) generally provides:

> " 'An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.' " (*Iannelli v. United States* (1975), 420 U.S. 770, 773 n.5, 43 L. Ed. 2d 616, 621 n.5, 95 S. Ct. 1284, 1288 n.5, quoting 1 R. Anderson, Wharton's Criminal Law & Procedure §89, at 191 (1957).)

The classic application of the Rule encompasses crimes such as adultery, incest, bigamy, and dueling, in which the parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at

---

[1]Four of the single-count indictments, numbers 14472 through 14475, were dismissed in both of the circuit court's orders.

170

large. (*Iannelli*, 420 U.S. at 782-83, 43 L. Ed. 2d at 625-26, 95 S. Ct. at 1292.) In other words, the Rule applies to situations in which the harm attendant upon commission of the substantive offense is restricted to the parties to the agreement. *Iannelli*, 420 U.S. at 784, 43 L. Ed. 2d at 626-27, 95 S. Ct. at 1293.

■ An exception to the Rule operates when more or different people participate in the conspiracy than are necessary to commit the substantive offense. (*People v. Purcell* (1940), 304 Ill. App. 215, 219, 26 N.E.2d 153.) This so-called "third-party exception" rests upon the rationale that the addition of a third party enhances the dangers presented by the underlying crime. *Iannelli*, 420 U.S. at 782 n.15, 43 L. Ed. 2d at 626 n.15, 95 S. Ct. at 1292 n.15.

In *Iannelli*, the Supreme Court traced the history and application of Wharton's Rule. There, petitioners were convicted of conspiring to violate and of violating a Federal antigambling statute. (18 U.S.C. §1955 (1970 & Supp. 1973).) In affirming petitioners' convictions for both offenses, the Court recognized that the Rule "has current vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." (*Iannelli*, 420 U.S. at 782, 43 L. Ed. 2d at 625, 95 S. Ct. at 1292.) Because the Court determined that Congress intended to allow prosecutions for both conspiracy and the substantive offenses under the antigambling statute, the Rule was inapplicable. The Court concluded that "there simply is no basis for relying on a presumption to reach a result so plainly at odds with congressional intent." *Iannelli*, 420 U.S. at 790-91, 43 L. Ed. 2d at 630, 95 S. Ct. at 1296.

The Rule was first recognized in Illinois in *Purcell* (304 Ill. App. 215, 26 N.E.2d 153), in which the two defendants were charged with four counts of conspiring to violate the Illinois gambling statute (Ill. Rev. Stat. 1939, ch. 38, par. 324 (now Ill. Rev. Stat. 1989, ch. 38, par. 28—1)). The circuit court quashed the indictment, and the appellate court affirmed, relying upon Wharton's Rule, which it characterized as "[c]onsonant with the well-established trend and authority of judicial decisions." (*Purcell*, 304 Ill. App. at 222.) Because concert of action was necessary to the substantive offense, and the activity therein involved only the two defendants, a charge of conspiracy would not lie. *Purcell*, 304 Ill. App. at 218, 222.

The committee comments which accompany the conspiracy statute (Ill. Ann. Stat., ch. 38, par. 8—2, Committee Comments, at 472-75 (Smith-Hurd 1989)) indicate that the Illinois statute intended to eliminate application of Wharton's Rule:

"The Committee felt that the Wharton Rule fails to take into account the preventive aspect of prosecuting conspiracies, that is, to discourage the more dangerous criminal activity of several persons by punishing the preliminary agreement to engage in such activity. That the criminal activity is of such nature as to inevitably require more than one person in its accomplishment seems the more reason to punish the preliminary agreement to undertake it. Section 8—2 is intended to abrogate the Wharton Rule in Illinois, and the holding in People v. Purcell ***." (Ill. Ann. Stat., ch. 38, par. 8—2, Committee Comments, at 474 (Smith-Hurd 1989).)

Such comments commonly are referred to by courts when construing a statute, as the reasoning therein is a valuable guide to legislative intent. (See *Ketchmark v. Lynch* (1969), 107 Ill. App. 2d 36, 41, 246 N.E.2d 133.) Further, the text of the statute incorporates and provides enhanced punishment for conspiracies to pander, pimp, solicit for a prostitute, and keep a place of prostitution. See Ill. Rev. Stat. 1989, ch. 38, par. 8—2(c).

Despite the language of the statute, the committee comments, and the subsequent *Iannelli* decision, the Third District Appellate Court applied Wharton's Rule to bar a prosecution for conspiracy to deliver contraband in *People v. Urban* (1990), 196 Ill. App. 3d 310, 312, 553 N.E.2d 740. There, defendant, who allegedly purchased cannabis from two men, was charged with unlawful possession of cannabis and conspiracy to unlawfully deliver cannabis. (Ill. Rev. Stat. 1987, ch. 38, par. 8—2(a); Ill. Rev. Stat. 1987, ch. 56½, pars. 704, 705.) The court held that because a drug transaction always requires at least two actors, a buyer and a seller, a charge of conspiracy to unlawfully deliver the contraband filed against the alleged purchaser was barred by the Rule. (*Urban*, 196 Ill. App. 3d at 312.) The *Urban* court, however, related the essence of the Rule but did not address its rationale or the legislative intent of the conspiracy statute. A mechanical application of the Rule, based only on a plurality of agents, does not accurately reflect the current state of the law, and in light of other case law and manifest legislative intent, we decline to follow *Urban*.

More recently, in *People v. Melgoza* (June 7, 1991), No. 1—89—3464, defendant was convicted, *inter alia*, of conspiring to deliver a controlled substance and delivery of a controlled substance. (Ill. Rev. Stat. 1989, ch. 38, par. 8—2(a); Ill. Rev. Stat. 1989, ch. 56½, par. 1401.) Defendant had acted as the supplier in a drug transaction between an informant and an undercover officer posing as a

purchaser. The court declined to apply the Rule, recognizing that it has current validity only as a judicial presumption. In rejecting the reasoning behind the Rule, the court determined:

> "It is apparent that conspiracy laws were intended to thwart just such crimes as occurred here, a drug sale performed on a street corner while the supplier waits safely in the distance or out of sight. *** Clearly such a crime does not rest on the parties themselves but is damaging to society as a whole." *People v. Melgoza,* (June 7, 1991), No. 1—89—3464, slip op. at 24, subsequently withdrawn. (See 231 Ill. App. 3d 510 for opinion filed June 19, 1992.)

■ In this case, the circuit court improperly dismissed the conspiracy indictments. *Iannelli* made clear that Wharton's Rule is only a judicial presumption to be applied unless there is legislative intent to the contrary. The committee comments accompanying the Illinois conspiracy statute evince a clear intent to annul application of the Rule. Further, section 8—2 specifically enumerates and provides enhanced sentencing for pimping, soliciting for a prostitute, pandering, and keeping a place of prostitution among those offenses of which a defendant could be convicted of conspiring to commit.[2] (Ill. Rev. Stat. 1989, ch. 38, par. 8—2(c).) The legislative intent, therefore, outweighs the presumption of merger between the conspiracies and the substantive offenses.

Additionally, this case does not involve any of the classic Wharton's Rule offenses (*e.g.*, dueling, bigamy, incest, adultery) in which the harm attendant upon commission of the substantive offense is restricted to the parties to the agreement. Using the reasoning set forth in *Iannelli*, large-scale prostitution activities seek to elicit the participation of additional persons who are parties neither to the conspiracy nor the resulting substantive offense. (See *Iannelli*, 420 U.S. at 784, 43 L. Ed. 2d at 626-27, 95 S. Ct. at 1293.) The impact of the conspiracy is aimed at and almost inevitably reaches nonparties to the substantive crime. Application of the Rule, therefore, is inconsistent with the general rationale of the conspiracy statute.

---

[2]At least one Illinois case allowed a defendant to be prosecuted and convicted of conspiracy to keep a place of prostitution. (See *People v. Hammond* (1980), 82 Ill. App. 3d 839, 403 N.E.2d 305.) In *Hammond*, the appellate court affirmed defendant's conviction; Wharton's Rule, however, was not raised as an issue in that case. See also *People v. Ganatta* (Colo. 1981), 638 P.2d 268, 272 (*en banc*) (defendant properly convicted of conspiracy to commit both pimping and pandering based upon third-party exception to the Rule).

Even if Wharton's Rule constituted the law in this State, it is inapplicable based upon the third-party exception. In this case, all the conspiracies were alleged to involve a greater number of persons than was required for commission of the substantive offenses. The addition of the "third parties," therefore, enhanced the dangers of the underlying offenses and the likelihood of their commission. See *Iannelli*, 420 U.S. at 782 n.15, 43 L. Ed. 2d at 626 n.15, 95 S. Ct. at 1292 n.15; *Melgoza*, slip op. at 24.

The circuit court's ruling must be reversed and remanded with instructions to reinstate all defendants' conspiracy indictments.

The State also argues that the conspiracy statute is not unconstitutionally vague for failing to specify whether defendants' charges were felonies or misdemeanors. In its August 9, 1990, order, the circuit court concluded that the conspiracies in which the underlying offenses were misdemeanors were themselves misdemeanors. Defendants maintain that the conspiracy statute violates due process for failing to apprise them of the nature of the pending charges.

■ The standard for determining the legislature's proper exercise of the police power is whether the statute is reasonably designed to remedy the evil which the legislature has determined to be a threat to the public health, safety, and general welfare. (*People v. Crawford* (1986), 145 Ill. App. 3d 318, 321, 495 N.E.2d 1025.) In construing statutes, courts should ascertain and give effect to the intent of the legislature. (*Crawford*, 145 Ill. App. 3d at 324.) In *People v. Roberts* (1980), 83 Ill. App. 3d 311, 318-19, 404 N.E.2d 278, the court determined that the intent of the conspiracy statute was to prohibit agreements to do certain criminal acts as distinct from the offenses which are the objects of those agreements. The legislature's denomination of conspiracy to commit gambling as a Class 3 felony (see Ill. Rev. Stat. 1975, ch. 38, par. 8—2(c)), with a conviction of the principal offense of gambling resulting in only a Class A misdemeanor (see Ill. Rev. Stat. 1975, ch. 38, par. 28—1(c)), therefore, constituted a legislative classification which was rationally designed to further a legitimate State purpose. Defendant's equal protection challenge failed. *Roberts*, 83 Ill. App. 3d at 318-19.

In *People v. Agriesti* (1989), 191 Ill. App. 3d 419, 548 N.E.2d 42, defendant was convicted of conspiracy to commit gambling (Ill. Rev. Stat. 1987, ch. 38, pars. 8—2, 28—1(a)(3)) and argued on appeal that the classification of that offense as a Class 3 felony, when gambling itself was only a Class A misdemeanor, violated his due process rights. (See Ill. Rev. Stat. 1987, ch. 38, pars. 8—2(c), 28—

1(c).) The court followed *Roberts* and held that because group criminal activity is more dangerous than solitary activity, the enhanced punishment for conspiracy was rationally designed to remedy that evil. *Agriesti*, 191 Ill. App. 3d at 422.

■ Here, although the underlying offenses were Class A misdemeanors (except pandering, a Class 4 felony) (see Ill. Rev. Stat. 1989, ch. 38, pars. 11—15(b), 11—16(b), 11—17(b), 11—19(b)), conspiracy to commit any of those offenses is punishable as a Class 3 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 8—2(c).) The legislature's enhanced punishment for the conspiracies specified in section 8—2(c) is rationally designed to remedy the dangers of group criminal activity. Further, the State's Attorney is vested with wide discretion in the initiation of criminal cases, including the decision as to which of several charges shall be brought against an individual. (*Crawford*, 145 Ill. App. 3d at 326.) Defendants' due process rights were not violated.

■ The circuit court dismissed four of the one-count indictments (numbers 14472 through 14475), which it classified as misdemeanors, because they were barred by the applicable statute of limitation. The court erred, however, as those indictments constituted felony charges and were subject to the three-year limitation period. (Ill. Rev. Stat. 1989, ch. 38, par. 3—5(b).) Because the aforementioned indictments were not time barred, we reverse and remand so that they may be reinstated.

Based upon the foregoing, the judgment of the circuit court is reversed and the cause remanded with instructions to reinstate all the indictments for conspiracies to pimp, pander, solicit for a prostitute, and keep a place of prostitution.

Reversed and remanded with directions.

SCARIANO, P.J., and McCORMICK, J., concur.