## JOHNSON v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit. December 10, 1907.)

### No. 1,668.

CONSPIRACY—CONSPIRACY TO COMMIT OFFENSE AGAINST UNITED STATES—INDICTMENT.

    An indictment will not lie under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], for a conspiracy to effect the concealment by a bankrupt of property from his trustee, in violation of Bankr. Act 1898, § 29b, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], where the trustee himself is charged as one of the conspirators, and the averments of the indictment show that there was, in fact, no concealment of property from him, and no purpose that there should be such concealment.

In Error to the District Court of the United States for the Northern District of Texas.

The plaintiff in error, B. H. Johnson, E. H. Coleman, and A. F. Mitchell, were jointly indicted for conspiring to commit an offense against the United States. The indictment, omitting formal parts, is as follows:

"Heretofore, to wit, on the 25th day of January, A. D. 1904, one B. H. Johnson, one E. H. Coleman, and one A. F. Mitchell did unlawfully and fraudulently conspire together within the Dallas division of the Northern district of Texas, to wit, in Navarro county, state of Texas, and within the jurisdiction of this court, to commit an offense against the United States of America, in the manner and form as hereinafter shown; that is to say, the said E. H. Coleman was then and there at the said time engaged in the selling of drugs and druggist's sundries in the town of Frost, county of Navarro, and state aforesaid, and he, the said E. H. Coleman, and he, the said B. H. Johnson, and he, the said A. F. Mitchell, on the date aforesaid and within the venue aforesaid, conspired and agreed and confederated to the effect and in substance that he, the said E. H. Coleman, should file his voluntary petition in bankruptcy under and as provided for in and by the acts of the United States Congress in the act commonly known and called the 'Law of Bankruptcy,' but that he, the said E. H. Coleman, should unlawfully, knowingly, and fraudulently conceal, secrete, and keep a certain part of his stock of drugs out of and from his schedules in the said bankruptcy proceedings, and should conceal, as aforesaid, unlawfully, knowingly, and fraudulently from his trus-

tee in bankruptcy a certain part of his said stock of drugs and a certain amount of money, which said drugs and which said money were really a part of the assets of the said E. H. Coleman belonging to his said business and subject to the said bankrupt act, and which should be properly scheduled as a part of his estate in bankruptcy, and by him turned over to his trustee in bankruptcy, and that he, the said B. H. Johnson, and he, the said A. F. Mitchell, would assist the said E. H. Coleman in the sort of concealment aforesaid of his said property, and on the said 25th day of January, A. D. 1904, the said E. H. Coleman filed in the United States District Court for the Northern District of Texas, in the Dallas Division of the said District, his certain voluntary petition in bankruptcy, and was thereupon and thereunder, to wit, on the said date, adjudged a bankrupt under the provisions of the act of Congress relating to such matters by the Honorable Eugene Marshall, who was then and there the properly appointed, qualified, and acting referee in bankruptcy for the Dallas Division of the Northern District of Texas; that, thereafter, and in the regular and legal course of said bankruptcy proceeding, to wit, in February, A. D. 1904, the said B. H. Johnson was duly and legally appointed and elected trustee in the said bankruptcy proceeding, and thereafter, in the said month of the said year, he, the said B. H. Johnson, duly qualified as such trustee, and continued to act as such trustee from that date up to the time of the presentment of this bill of indictment into this honorable court; and the grand jurors aver that before and while the said E. H. Coleman was a voluntary bankrupt, as aforesaid, and before and while the said B. H. Johnson was his duly appointed, qualified, and elected and acting trustee in bankruptcy, as aforesaid, he, the said B. H. Johnson, and he, the said E. H. Coleman, and he, the said A. F. Mitchell, within the Dallas Division of the Northern District of Texas, on the date aforesaid, to wit, on the 25th day of January, A. D. 1904, did, as aforesaid, unlawfully and fraudulently conspire and confederate and agree that the said E. H. Coleman, when he should become such bankrupt, and while such bankrupt, should unlawfully, knowingly, and fraudulently conceal a portion of his stock of drugs, as hereinbefore set out, which said portion and part of his stock of drugs was then and there a portion and part of the property that should be and ought to have been listed by him as such bankrupt and turned over to the possession and custody of him, the said B. H. Johnson, as trustee as aforesaid, which said property was the following, to wit: [Here follows a detailed description of the property.] And in pursuance of such agreement and confederation so unlawfully and fraudulently made, as aforesaid, and to effect the object thereof, he the said E. H. Coleman, did unlawfully, knowingly, willfully, and fraudulently conceal while such bankrupt, as aforesaid, the aforementioned property from his trustee in bankruptcy, as aforesaid, the said property then and there belonging to the said Coleman's estate in bankruptcy, and he, the said E. H. Coleman, then and there well knew that the said property then and there belonged to his estate in bankruptcy, and should have been scheduled and turned over, as aforesaid, to his trustee in bankruptcy, and that the said unlawful, willful, knowing, and fraudulent concealment, as aforesaid, continued from the above said date to the 25th day of January, A. D. 1906, and that the said goods and drugs and merchandise so concealed was of the reasonable value of $1,000 lawful current money of the United States of America, and that the same were concealed and secreted and not turned over to the said Johnson in the said Johnson's capacity as said trustee of said estate in the manner and form aforesaid, and in pursuance of the conspiracy and agreement of the said B. H. Johnson, A. F. Mitchell, and E. H. Coleman, all of which was contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

The defendant, B. H. Johnson, plaintiff in error in this court, demurred to the indictment, assigning many grounds of demurrer, among which were the following:

"(1) That the indictment herein seeks to charge the defendant as trustee of a bankrupt with a conspiracy to conceal from himself, as trustee, certain property of the bankrupt. The offense under the statute is for the bankrupt to knowingly and fraudulently conceal property from his trustee. The indictment seeks by the allegations of conspiracy to make the alleged act of the

bankrupt the act of his trustee, and is, in effect, a charge that the trustee knowingly, etc., concealed from himself, an offense not created by Congress, nor any part of section 29b. The indictment charges no offense against the defendant, Johnson, for that, if any offense could exist as to him, the same would fall under section 29a, defining dereliction of trustee.

"(2) That said indictment seeks to charge a conspiracy to commit the offense denounced by section 29b of the bankrupt act, enacted by the Congress of the United States, to wit, for a bankrupt knowingly and fraudulently to conceal his property from his trustee in bankruptcy; that the gist of said offense is the concealment knowingly and fraudulently made by the bankrupt from his trustee, and the indictment herein is fatally defective, in that it alleges that the conspiracy was entered into by E. H. Coleman, the alleged bankrupt, the defendant, B. H. Johnson, his trustee, and by one A. F. Mitchell. Under the allegations of the indictment, the defendant is made to conspire to conceal from himself, an impossible condition, and the bankrupt made to accomplish the equally impossible condition of concealing from his trustee by their mutual agreement. The allegation, if anything, discloses a dereliction constituting an offense under section 29a of said bankrupt act."

The demurrer was overruled by the District Court. The trial proceeded on the plea of "not guilty." The jury found Johnson guilty. He made a motion in arrest of judgment, raising the same questions raised by his demurrer. The District Court overruled the motion, and sentenced the defendant to imprisonment in the penitentiary for two years.

It is assigned that the court erred in overruling the demurrer and the motion in arrest of judgment.

J. C. Muse and Geo. E. Miller (Muse & Allen and Miller & Dycus, on the brief), for plaintiff in error.

William H. Atwell, U. S. Atty.

Before PARDEE, McCORMICK and SHELBY, Circuit Judges.

SHELBY, Circuit Judge (after stating the facts as above). The federal statute against conspiracies provides that if two or more persons conspire "to commit any offense against the United States * * * in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years." Rev. St. U. S. § 5440 [U. S. Comp. St. 1901, p. 3676]. Section 29 of the bankruptcy act of July 1, 1898 (30 Stat. 554, c. 541 [U. S. Comp. St. 1901, p. 3433]), defines certain criminal offenses. The indictment in this case charges B. H. Johnson, the plaintiff in error, E. H. Coleman, a bankrupt, and A. F. Mitchell with a conspiracy to commit an offense described in section 29b, which is in these words:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy. * * *" Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433].

The plaintiff in error is charged with conspiring with his two co-defendants to commit the offense described by the words we have quoted. The language is aimed at the bankrupt. He alone is condemned for the concealment of property belonging to his estate in bankruptcy. It does not condemn him for the mere concealment of the property. It is only a concealment by the bankrupt "from his trustee" that is made

criminal by the statute. If he hid it from the whole world, but not "from his trustee," he would not violate this statute. The purpose of the statute was to insure that the trustee obtained knowledge and possession of the bankrupt's property. The essence of the offense prescribed by the language of the statute is the placing of the property out of the trustee's reach by the bankrupt's concealing it "from his trustee."

The indictment shows that B. H. Johnson, the plaintiff in error, was the trustee of E. H. Coleman, the bankrupt and one of the co-conspirators. Now, if the indictment was for the specific offense of concealing the bankrupt's property from the bankrupt's trustee, no one would claim that Johnson, the trustee, could himself be guilty of it. He could not conceal the property from himself; and, besides, the statute in question is directed against the acts of the bankrupt alone. But he is not charged with the specific offense. He is charged with conspiring with Coleman, the bankrupt, and Mitchell, to commit the offense described in the statute, and it is an offense which Coleman, the bankrupt, one of the alleged conspirators, could commit. It is true, as a general rule, as argued by the learned United States attorney, that it is sufficient to sustain a charge of conspiracy to commit an offense that some one of the co-conspirators was capable of committing it, though another co-conspirator may not have been so capable. 2 Wharton's Criminal Law (10th Ed.) § 1340a. A defendant, therefore, may be convicted of a conspiracy to commit an offense, when, in the nature of things, he could not have committed the offense himself, if it be an offense which one of his co-conspirators could commit. Referring to this general principle, Lumpkin, C. J., in Boggus v. State, 34 Ga. 275, 278, observed that:

"Lord Audley was convicted of rape upon his own wife; being present, aiding and abetting one of his minions to perpetrate this monstrous crime, and for which this devil-crazed nobleman was hung." 3 Howell's State Trials, 402.

Although no one but the bankrupt may commit the offense prescribed by section 29b, it may be conceded in this case, though it is a question not necessary to be decided, that others may be jointly indicted with him and convicted, under Rev. St. U. S. § 5440 [U. S. Comp. St. 1901, p. 3676], of a conspiracy to commit that offense. U. S. v. Bayer, 4 Dill. (U. S.) 407, Fed. Cas. No. 14,547; U. S. v. Martin, 4 Cliff. (U. S.) 156, Fed. Cas. No. 15,728.

The case at bar involves a different question. The charge here is a conspiracy of three persons to conceal certain described property from one of the three. There can be no offense unless there is a concealment from this person; and yet he is one of the conspirators. If the property be not hidden from him, no offense is committed, and yet he is charged with conspiring to do the hiding. In the state courts A. and B. may be indicted and convicted of conspiring to steal the property of C.; but how would it be if C., the owner and possessor of the property, entered also into the conspiracy? If the indictment charged that A., B., and C. conspired to steal the property of C., it would be bad, because it would show the consent of C. that his property should be taken. The knowledge and approval of the owner of the goods to

which the conspiracy related would prevent conviction. Connor v. People, 18 Colo. 373, 33 Pac. 159, 25 L. R. A. 341, 36 Am. St.· Rep. 295. And so, if several persons conspire to rob one of their number, the proposed victim being taken into the conspiracy and agreeing thereto, his knowledge and agreement would prevent conviction. Rex v. Macdaniel, quoted in 2 East's P. C. 665. See, also, People v. Clough, 59 Cal. 438; Speiden v. State, 3 Tex. App. 156, 30 Am. Rep. 126. A man and a woman may be indicted and convicted of a conspiracy to commit the crime of rape upon another woman. But what would be the effect of charging that the woman on whom the rape was to be committed was a party to the conspiracy? Her knowledge and consent to the alleged crime being charged, it would cease to be the crime alleged.

A conspiracy is a combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal or unlawful by criminal or unlawful means. The indictment must allege the conspiracy; and, when the criminality consists in an unlawful agreement by the defendants to compass or promote some criminal or illegal purpose, that purpose must be fully and clearly stated in the indictment. Pettibone v. United States, 148 U. S. 197, 203, 13 Sup. Ct. 542, 37 L. Ed. 419. If the facts constituting the purpose, when fully stated, show that they constitute no crime, the indictment is fatally defective. Reading this indictment, we find that the conspiracy charged is that Johnson and Mitchell are to unite with the bankrupt in knowingly and fraudulently concealing "from his trustee" in bankruptcy a certain "part of his stock of drugs" and a "certain amount" of money that belonged to the bankrupt estate. It appears even in the charge of the conspiracy that the trustee in bankruptcy is a party to it; and the part of the indictment describing the offense that the defendants conspired to commit describes in detail the articles that were to be concealed and to which the conspiracy related. The indictment, therefore, shows that the trustee, Johnson, himself knew of the concealing or withholding of a certain amount of money and of certain described articles from the schedules and from his possession. In other words, although it charges a conspiracy to conceal and a concealing from the trustee, facts are stated which show that there was no concealment in fact from him.

The defect in the indictment is not that it charges a conspiracy by three persons to commit an offense which only one of the three could commit. That may not be a defect. The fatal defect is that it charges Johnson, one of the alleged conspirators, with participation in, and knowledge of, a transaction, which could only be an offense against the law when it was concealed from him.

It is contended by the government that the purpose of the part of the statute in question is to insure the turning over of all the estate of the bankrupt for the benefit of the creditors, and that the alleged conduct of Johnson comes within the meaning and purpose of the statute; that if he refuses to take possession of property, and refuses to discover hidden property, it may be held that he concealed it from himself. We cannot accept this view. It is a penal statute, and it cannot be extended by construction. Field v. U. S., 137 Fed. 6, 69 C. C. A. 568. Other

provisions of the statute afford protection to creditors against the wrongdoing of the trustee. He is required to give a bond (Act July 1, 1898, c. 541, § 50c., 30 Stat. 558 [U. S. Comp. St. 1901, p. 3440]) conditioned for the faithful performance of his official duties; and it is made, by section 29a, a criminal offense for him to embezzle, spend, unlawfully transfer, or knowingly and fraudulently appropriate to his own use any of the property of the bankrupt estate which comes into his charge as trustee. These provisions are ample to protect the creditors of the bankrupt from wrongs perpetrated by the trustee, and, if they are not, the courts are not authorized to extend the criminal statutes beyond their plain meaning.

The judgment of the District Court is reversed, and the cause remanded, with instructions to sustain the demurrer to the indictment, and to discharge the defendant.