### UNITED STATES v. WUPPERMAN et al.

#### (District Court, N. D. New York. June 5, 1914.)

1. CONSPIRACY (§ 43*) — CONSPIRACY TO COMMIT OFFENSE AGAINST UNITED STATES—INDICTMENT.

> The crime of conspiracy to commit an offense against the United States within Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 1600]) § 37, is sufficiently charged if it be stated that two or more persons named agreed together to commit some act declared to be a crime by some statute of the United States, and it is also charged that

---

one or more of such persons did an act to carry out the object of such conspiracy. It is not necessary that the overt act or acts charged must appear on their face to have been acts which necessarily would aid in the commission of the crime, nor is it necessary to point out how it would or was intended to aid.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

2. POST OFFICE (§ 48*)—USING MAILS TO PROMOTE FRAUDS—INDICTMENT.
    In charging the use of the mails to execute a scheme to defraud in violation of Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [U. S. Comp. St. Supp. 1911, p. 1653]) § 215, it must be alleged that a letter, card, or package was deposited in the mail for the purpose of executing such scheme or attempting to do so, and the letter should be set out if possible, or sufficiently identified and described, but it is not necessary to allege just how the letter would or was intended to aid in executing the scheme. The indictment should set forth a scheme which if executed would defraud some one or obtain money or property by means of the pretenses alleged which must be alleged to have been false and fraudulent.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. § 48.*]

Criminal prosecution by the United States against Adolph E. Wupperman, Max M. Hart, Andrew S. Work, and Frank W. Fowler. On demurrer to indictment. Overruled.

The defendants are jointly indicted for conspiring to commit an offense against the United States, in that, having devised or intending to devise a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises to be made effectual or carried out by the use of the mails or post office department of the United States, they committed certain overt acts, charged in the indictment to effect the object of the said conspiracy. The indictment also charges in several counts the commission of the offense of actually using the mails of the United States on different dates and occasions, by depositing letters, etc., in the mail, to carry out or execute a scheme or artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, etc. See sections 215 and 37 of the Criminal Code of the United States. The scheme or artifice is fully set out in detail. Defendant Wupperman demurs.

John H. Gleason, U. S. Atty., of Albany, N. Y., and T. H. Dowd, Asst. U. S. Atty., of Cortland, N. Y., for the United States.

Arthur Furber and Chas. E. Le Barbier, both of New York City, for defendant Wupperman.

RAY, District Judge (after stating the facts as above). [1] The crime of "conspiracy" is sufficiently charged if it be stated that two or more persons, naming them, conspired (that is, agreed together) to commit some offense against the United States (that is, commit some act declared to be a crime by some statute of the United States); and it is also charged that one or more of such parties did an act to effect (that is, carry out) the object of such conspiracy. The offense to be committed must be described with sufficient particularity, but I do not understand that the overt act or acts charged must appear on their face to have been acts which necessarily would aid in the commission of the crime charged. Some act must have been done by one or more to

effect the object of the conspiracy, but in and of itself it may have been an innocent act and one entirely disconnected from the crime itself.

And it was not necessary to point out in this indictment why or how the doing of the overt act would or did, or was intended to, aid in effecting, or carrying out, the object of the conspiracy. It is sufficient that the act done was done to aid in effecting the object of the conspiracy; was so intended, even if the doing of such act, instead of actually aiding to effect the object of the conspiracy, defeated the conspirators and actually operated to prevent the commission of the crime.

And in charging a conspiracy to commit a crime against the United States and overt acts done to effect the object of such conspiracy it is not necessary to allege that the crime which the parties conspired to commit was actually committed, or that any act in and of itself evil was done in aid of effecting the object of such conspiracy.

[2] And when we come to the counts alleging the use of the mails to execute a scheme or an artifice to defraud or obtain money or property by false or fraudulent pretenses, representations, statements, or promises, it must be alleged that a letter or postal card, etc., was deposited in the mail for the purpose of executing such scheme or artifice, or attempting so to do, and the letter, etc., so deposited in the mail should be set out if possible, or sufficiently identified and described; but it is not necessary to go to the extent of alleging just how the letter or package deposited in the mail would or was intended to aid in executing the scheme or artifice. In alleging the scheme or artifice the indictment should set forth a scheme, artifice, plot, or plan, which, if executed, would defraud some one, or obtain money or property by means of the pretenses, etc., alleged, which must be alleged to have been false or fraudulent.

The gist of the offense, under section 215 of the Criminal Code, is the placing or causing to be placed in the mails of the United States any letter, postal card, package, writing, circular, pamphlet, or advertisement for the purpose of executing or attempting to execute the "scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises," either already devised or intended to be devised.

If the defendant A. has devised his scheme to defraud and has B. in mind as the victim and writes B. to come to his home to dinner and deposits the letter in the mail, the purpose being to say or learn something at such dinner, what being entirely uncertain, which will aid A. to execute his scheme, the government is not bound to guess or speculate as to what would or was to be said at such dinner. It is all-sufficient to say, having charged the scheme, that A. "for the purpose of executing such scheme or artifice, or attempting so to do, placed the letter describing it, in the mails." The fact that it was mailed in aid of the execution of the scheme would be proved on the trial by showing a variety of facts, acts, and declarations perhaps, but it would be unnecessary to allege these in the indictment.

The demurrer is overruled.