### VANNATA v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 5, 1923.)

No. 120.

1. **Criminal law** ⟨⟩1129(8)—**Additional assignments of error filed after allowance of writ disregarded.**

   Additional assignments of error, filed after allowance of the writ of error, will be disregarded.

2. **Indictment and Information** ⟨⟩124(2)—**A conspirator may be singly indicted.**

   One conspirator may be singly indicted and convicted, if it appears that the basis of a charge remains against a plurality which includes the accused.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Conspiracy** ⬡⟹**37—Not a defense that the crime which was the purpose of the conspiracy was committed.**

That a conspiracy to commit a crime was successful and the crime was committed does not preclude conviction for the conspiracy.

**4. Conspiracy** ⬡⟹**28—There may be conspiracy to commit a crime, which only one conspirator is capable of committing.**

It is not a defense to a charge of conspiracy to commit a crime that such crime is one which only one of the conspirators is capable of committing.

**5. Conspiracy** ⬡⟹**37—Offense not merged in accomplished crime.**

The offense of conspiracy to commit a crime is not merged in such crime, though the evidence which proves the conspiracy also proves its accomplishment by commission of the objective crime.

**6. Conspiracy** ⬡⟹**28—Parties to illegal sale may be charged with conspiracy to to make the sale.**

The fact that an illegal sale of liquor requires the concert of two persons, one of whom only is guilty of an offense, does not legally preclude the indictment and conviction of both or either of such persons, with others, for conspiracy to make the sale, though the justice of such action, the substantive offense being a misdemeanor, while conspiracy is a felony, subject to a much heavier penalty, is questionable.

In Error to the District Court of the United States for the Eastern District of New York.

Criminal prosecution by the United States against John T. Vannata. Judgment of conviction, and defendant brings error. Affirmed.

See, also, 278 Fed. 559.

Plaintiff in error was indicted under Criminal Code, § 37 (Comp. St. § 10201), in that he, within the dates mentioned, did knowingly, etc., "conspire, combine, confederate, and agree with one Farrell and others to the grand jurors unknown to sell to said Farrell a large quantity of intoxicating liquor for beverage purposes to wit, about 250 cases of whisky," when plaintiff in error had no "authority or permit" so to do. Thus the charge was conspiracy to commit an offense against the United States, viz. an infringement of the National Prohibition Act (41 Stat. 305) by selling intoxicating liquor without authority.

One of the overt acts enumerated is: "That during the continuance of the said conspiracy and for the purpose of effecting the object of same the said defendant sold to the said Alfred E. Farrell about 250 cases of the said whisky and caused same to be delivered to a place in Brooklyn designated by the said Alfred E. Farrell, against the peace and dignity of the United States of America, and contrary to the form of the statute of the said United States in such case made and provided." The evidence at trial most amply proved the very letter of the quotation last given.

Vannata was convicted, sentenced to imprisonment for a year and a half, with a fine of $5,000, and thereupon brought this writ. Under title 2, § 29, of the Prohibition Act, the penalty for the first offense of selling liquor unlawfully, cannot exceed imprisonment for six months, and the fine provided is not additional but alternative. Nothing in evidence induces belief that Vannata could have been successfully prosecuted as a second offender.

Immediately on sentence plaintiff in error sued out his writ and assigned error. About a month later there was filed an "amended assignment of errors," without (so far as appears) any authority for such filing from any court.

Morris Kamber, of Brooklyn, N. Y. (William Paul Allen and Otho S. Bowling, both of New York City, of counsel), for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Atty. U. S. Atty., of New York City, opposed.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The "amended assignment of errors" is open to all the objections enumerated in Fraina v. United States, 255 Fed. 28, 30, 166 C. C. A. 356. It is therefore disregarded, as was a similar document in Schonfeld v. United States (C. C. A.) 277 Fed. 934, 939.

The errors assigned in accordance with rule at the time of taking writ of error do not present in proper form any arguable point, and we have therefore examined this record for plain error not assigned, in accordance with the practice often set forth, but last stated in Gruher v. United States, 255 Fed. 474, 478, 166 C. C. A. 550.

In respect of proving that Vannata sold the whisky, that Farrell caused it to be delivered and paid for it with money probably stolen, and that several other persons were actively concerned with Vannata in doing on a considerable scale what is now called "bootlegging," the record is full, and very far from containing any error that would result in "serious injustice."

A matter of considerable importance, however, is presented by the manner of indictment, considered in connection with the now uncontradicted facts. The question is whether Vannata and Farrell, the vendor and vendee of the whisky, can, either alone or in conjunction with others, be treated as members of a conspiracy to effect an unlawful sale, when the proof is clear that the sale, its preliminary bargaining and actions of agents or servants of both seller and buyer, constituted the entire transaction.

[2] It is not material that Vannata alone was indicted; one conspirator may be singly indicted and convicted, if it appear that the basis of a charge remains against a plurality, which includes the accused. Feder v. United States, 257 Fed. 694, 168 C. C. A. 644, 5 A. L. R. 370.

[3] Nor does it avoid the result below that proof of this conspiracy consisted in proving its success, which here means that the agreement to sell and the consequent sale was the conspiracy; for "liability for conspiracy is not taken away by its success—that is, by the accomplishment of the substantive offense, at which the conspiracy aims." Heike v. United States, 227 U. S. 131, 144, 33 Sup. Ct. 226, 229 (57 L. Ed. 450, Ann. Cas. 1914C, 128).

[4] Neither is it a good objection to this prosecution for conspiracy to commit a crime that only one of those named, or indicated by the phrase "others to the grand jurors unknown," could possibly perform the ultimate illegality: i. e., the sale by Vannata. It is confederation that constitutes the crime of conspiracy at common law; our statute adds an overt act, whether as an ingredient of crime or as a condition precedent to indictment, is a mere piece of metaphysics. The fact remains that the necessary overt act need not be criminal per se, and that inability to commit the substantive offense is not a disability to conspire. The doctrine is traced to its origin in United States v.

Bayer, Fed. Cas. No. 14,547, by Dillon, J., and also in Johnson v. United States, 158 Fed. 69, 85 C. C. A. 399, 14 Ann. Cas. 153.

[5] Nor can the offense of conspiracy be said to have merged in the criminal sale. Under the present Code, conspiracy is a felony, while the sale is but a misdemeanor. These historic words have now only their statutory meaning, and the application of reasoning based on their common-law signification to modern conditions is very unsatisfactory. Nevertheless it is plain that conspiracy (a crime authorizing two years' imprisonment) is not merged in the sale (an offense authorizing but six months), and, although the evidence proving confederation proves also the actual sale, a conviction for conspiracy cannot be set aside for that reason. State v. Setter, 57 Conn. 461, 18 Atl. 782, 14 Am. St. Rep. 121, is an instance of grosser disparity between the punishment for substantive offense and that for conspiracy than is the case at bar. The classic doctrine of merger is found in Whar. Cr. Law (10th Ed.) § 1346; its application to this cause is quite impossible.

[6] But a flavor of novelty is given this case by the suggestion that it is one for applying the rule that, when the concerted actions of a plurality of agents are necessary elements of the substantive offense, an indictment will not lie against such actors for conspiring to commit the offense they actually did commit. This is not a part of the merger doctrine; it is a special regulation of conspiracy, based on the thought that, if the aggregate actions of a plurality must be added together to make one crime, with one name given it by the law, it cannot be called by another name, and treated as another thing. Wharton, ut supra, § 1339; 12 Corp. Jur. 554. The simplest illustration is adultery, and the rule probably grew out of sexual offenses, to which its application is very evident.

The present novelty is in attempting to apply the rule to a case of sale. This substantive offense is selling, and (without attempting definition) the word "sale" necessarily imports concurrence or agreement. Thornton v. Kelly, 11 R. I. 498, 500. Therefore it is suggested that, because the concerted action of Vannata and Farrell produced the sale which was the crime, they (or either of them) cannot be indicted for conspiracy, even though (as was the fact) others knowingly assisted in bringing about that criminal act.

The rule has been applied in this circuit in United States v. New York Central, etc. (C. C.) 146 Fed. 298, to "rebating" under interstate commerce regulations, where both parties to the illegal exchange of money or credit were offenders. Van Devanter, J., applied it to the giver and taker of a bribe (both being guilty by statute) in United States v. Dietrich (C. C.) 126 Fed. 664, and through the citations already made will be found suggestions of its applicability to bigamy, dueling, and rioting.

Quite frequently, considering how rare are instances of its use, the rule is damned with faint praise by saying that it rests on "respectable authority"; to us it seems to rest on the firmer foundation of sound reason, especially in these days when practically all remedies for crime are statutory. Two decisions of more than "respectable" authority, however, have distinctly limited the rule under consideration. Thomas

v. United States, 156 Fed. 898, 904, 84 C. C. A. 477, 17 L. R. A. (N. S.) 720, held, in commenting on the Dietrich Case, supra, that the doctrine was limited to instances when the alleged conspirators and the necessary participants in the substantive offense were the same; and McKnight v. United States, 252 Fed. 687, 164 C. C. A. 527, certiorari denied 249 U. S. 614, 39 Sup. Ct. 388, 63 L. Ed. 802, restrained the concept of agency within very narrow limits, refusing to deny the right to indict for conspiracy in a case where the participation of one alleged conspirator, in the substantive offense, was (in the opinion of Sanborn, J., dissenting) by proxy.

Seeking now to apply the rule to this case, it is notable that the substantive offense is selling; buying is not a crime. That there cannot be a seller without a correlative buyer is true, but not to the point. Congress has taken half a transaction and labeled that as crime; the other half is not condemned. Nor does it help matters to say that the statute makes possession a crime; for possession might not follow sale, or might be in extraterritorial regions, and above all the indictment charges, as the object of the conspiracy, not possession, but sale. It follows that, in respect of that half of the agreement between Vannata and Farrell which is the substantive offense only Vannata could commit it; consequently, for purposes of prosecution, the sole substantive criminal can be joined with those who knowingly assist him in crime, in a conspiracy charge. This is illustrated by cases of smuggling and escape from prison cited in Corpus Juris, ut supra.

If this prosecution had been against Farrell, it would excellently illustrate the legitimate remedial use of a conspiracy charge. Farrell and several other less talented or less affluent persons joined in this "bootlegging" enterprise. They were all legally and morally offenders before any sale was made. In point of fact, Farrell appeared at trial as one serving a long term of imprisonment for embezzling, wherefore further prosecution of him was useless. The understrappers had either gone to hiding or turned state's evidence. It is impossible to read this record without concluding that the only reason for this conspiracy charge against Vannata alone was to prove a rather large sale, with attendant circumstances of aggravation, and ask for a sentence of four times the allotted punishment for mere selling.

Congress has seen fit to measure out the same penalty for a drink or a cargo; indicting for conspiracy may be regarded as one way of making the punishment fit the crime, in a manner superior to that devised by Congress. Holmes, J., remarked in Brown v. Elliott, 225 U. S. 392, 404, 32 Sup. Ct. 812, 816 (56 L. Ed. 1136):

"Whatever misgiving may be felt as to the justice of indicting for a conspiracy to do what has actually been done; an indictment will lie."

We think it was legally well laid in this case, but we still entertain misgivings as to the justice of the proceeding; not based on sympathy for the particular offender, who seems a rather flagrant specimen of a bad sort, but because it is an indirection—an underhand way of doing something the Legislature never thought of. If any right-minded layman of intelligence were told to read section 29 of the Volstead Act, he would think he knew just what it meant to sell whisky. If counsel

learnéd in the law then told him that it was optional with the prosecutor to utilize section 37 of the Criminal Code to quadruplicate the penalty, he would incline to think of schoolbook information as to how certain tyrants put their laws on pillars so high that plain citizens could not mark, learn, and inwardly digest the same. In the long run it is by the opinion of an intelligent laity that laws and their enforcement are judged. This indictment was a great stretch on the part of the prosecutor of the quasi judicial power lodged in him.

Judgment affirmed; mandate to issue forthwith.