## COVELLI v. UNITED, STATES.

(Circuit Court of Appeals, Second Circuit. March 28, 1923.)

No. 186.

**Conspiracy ⊂⇒47—Evidence held to show place of forming conspiracy was in Brooklyn.**

Evidence that conspiracy to violate the Harrison Anti-Narcotic Act, as amended by Act Feb. 24, 1919 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g et seq.), by importing cocaine and heroin without paying the tax, was consummated by telephone agreement between a co-conspirator in Manhattan and accused in Brooklyn, whereby accused agreed to come to the co-conspirator's house in Manhattan and bring him the money to use in buying the drugs abroad, *held* to warrant an inference that the conspiracy was formed in Brooklyn, in the Eastern district of New York, where accused was tried.

In Error to the District Court of the United States for the Eastern District of New York.

Salvatore Covelli was convicted of conspiring to violate the Harrison Anti-Narcotic Act, and of aiding another to commit an offense against the United States by violating said act, and he brings error. Affirmed.

The plaintiff in error was indicted on two counts:

First, that he and one Conti did, "at the borough of Brooklyn * * * and within the jurisdiction of" the District Court aforesaid, conspire, with other persons whose names were to the grand jurors unknown, to commit an offense against the United States, viz., to violate the Harrison Anti-Narcotic Act as amended, in that Covelli, Conti et al. agreed to import and bring into the United States cocaine and heroin without registering as required by the statute and without paying the tax prescribed by law. Overt acts were alleged, viz.: (1) That Covelli paid to Conti $1,000 with the intent that Conti should purchase the drugs in Italy and thereafter import and bring the same into the United States; and also (2) that Conti did so invest the money received from Covelli and did bring the drugs so purchased into the United States.

The second count charged Covelli under Criminal Code, § 332 (Comp. St. § 10506), with aiding, inducing, etc., Conti to commit an offense against the United States, viz. a violation of the same statute, to wit, the Harrison Anti-Narcotic Act, as amended (38 Stat. 785, amended 40 Stat. 1130–1132 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g et seq.]).

Plaintiff in error was convicted under both counts; this writ followed.

Herbert N. Warbasse, of Brooklyn, N. Y. (Ralph E. Hemstreet, of Brooklyn, N. Y., of counsel), for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). We have been favored with a very able argument for plaintiff in error, yet remain of opinion that most of the assignments of error do not require extended comment. Some of them rest upon no exception, and some are in form insufficient; yet we have examined all, to ascertain whether

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

any injustice has resulted from matters not well covered technically. Gruher v. United States, 255·Fed. 474, at page 478, 166 C. C. A. 550.

We are of opinion that no injustice was done; it is true that Covelli could not have been convicted without the evidence of his accomplice, Conti; but we cannot be concerned with what in substance is a complaint that the jury believed Conti rather than Covelli. The circumstances corroborating Conti were numerous, each perhaps insignificant in itself, but in the aggregate quite sufficient to satisfy the jury and the law.

One point requires consideration, as it is jurisdictional, though we are satisfied no one thought of it below. The indictment charges the formation of the conspiracy within the Eastern district of New York, and no place is fixed in respect of the overt acts alleged. Since such an indictment will lie either in the jurisdiction where the conspiracy is formed, or in any jurisdiction where an overt act in aid of the conspiracy is executed, the argument is suggested that conspiracy is a continuing offense, and any and every conspiracy is reborn every time an overt act in aid thereof is committed; therefore, even if the conspiracy was not actually formed in the Eastern district, this indictment is sustainable, if any overt act is proven to have been committed therein.

We shall not dwell on this argument, or its applicability to the case at bar, but consider the simpler question, whether there was enough evidence to go to the jury in respect of the place of forming conspiracy. Proof was ample that the scheme of confederation, whereby Covelli was to furnish the money and Conti was to get therefor the unlawful drugs in Italy and bring them back to Covelli, was formed in the brain of the latter, and by him announced to Conti, when the latter, in Brooklyn, stated that he was going to Italy for his health. To this plan Conti objected, in substance, that it was dangerous business. Covelli sought to reassure him on this point, whereupon Conti said that he would "tell you [Covelli] before I leave what I will do." Then, added Conti, "Six days or a week before I leave I told him." Evidence then followed thus:

By Conti: "Q. Was that six days before you left that you called him? A. Yes.

"Q. And how did you call him? A. I call his place on the telephone. I was calling him, because I had got my ticket."

This telephone call by Conti was from Manhattan; Covelli answering from Brooklyn. Conti was then asked:

"Q. What did he say? A. He said, 'Come and see me;' and I told him that I didn't have much time, so he said, 'All right, I will come to see you to-morrow at your house'"

—which house was in Manhattan. Covelli accordingly came to Manhattan with $1,000, and gave it to Conti for drug purchases.

It is quite clear, as argued for plaintiff in error, that if Conti had rejected the whole matter and refused to accept the $1,000 when the two men met in Manhattan, there would have been no indictable conspiracy; but this is no more than recognition of that locus pœnitentiæ always afforded by the conspiracy statute, which forbids indictment or punishment unless the formed conspiracy be followed by an overt act.

We think the inference strong that, since Conti testified that he had said to Covelli, "I will tell you before I leave what I will do," and then added, "And six days or a week before I leave I told him," that the telling was over the telephone. Covelli certainly interpreted what was told over the telephone as an invitation to bring the $1,000—as a statement that his proposition was accepted. Thus the conspiracy was formed the moment the minds of these men met, and this occurred when Covelli in Brooklyn heard Conti's assenting voice.

Since we feel justified in drawing this inference, we think the jury was justified in drawing the same; the verdict shows that they did so. Undoubtedly it would have been more artistic, and better practice, to direct the attention of the jury more specifically to this point; but it is quite obvious from the bill of exceptions that no counsel at the trial thought of the matter now so acutely pressed. We may add that on this point, also, we are quite sure that no injustice was done.

Judgment affirmed.